U. S. Jarrett *v.* The Bank of Saint Albans

(No. 7200)

Submitted March 22, 1932.   Decided May 3, 1932.

*Mohler & Peters,* for appellant.
*Claude L. Smith,* for appellee.

Litz, Judge:

This suit was instituted January 29, 1931, by U. S. Jarrett to compel defendant, Bank of St. Albans, to account to him for the proceeds of a collateral pledged by him to the bank to secure his .indebtedness to it.   The bank has appealed from a decree awarding Jarrett judgment for $2,500.00, with interest from August 13, 1923.

The bill alleges that Jarrett assigned and delivered to the bank, December 21, 1921, as security for his indebtedness to it, a note of $5,000.00 executed to him by F. S. McComas and wife and secured by a trust deed on real estate, belonging to McComas, in the city of St. Albans; that the bank, through an arrangement with McComas, liquidated the note, September 14, 1923, but has failed to account to Jarrett for the proceeds thereof; that Jarrett is indebted to the bank in the sum of $1,600.00 evidenced by note executed by himself and wife.   The bill prays that "a true accounting may

be made by "the bank" of the moneys had and received by it upon the collateral security .* * *;" that the bank "be, made to account for any and all losses which may be legally chargeable to" it, growing out of or connected with the collateral security.

On February 21, 1921, McComas and wife, as joint makers, executed to Jarrett a promissory note of $5,000.00 for a loan from Jarrett to McComas. Later, Jarrett applied to the bank for a loan on the McComas note, which was refused because the note was not secured. Thereupon, Jarrett engaged Dr. C. A. Zerkle, president of the bank, to obtain security for the note. December 22, 1921, McComas and wife, at the instance of Zerkle, executed a new note to Jarrett, secured by a trust deed upon an undivided one-half interest in seven improved and six unimproved lots in the city of St. Albans owned jointly by McComas and J. L. Nurnberger, and on which they had previously executed a trust deed to secure a loan of $12,000.00 from the bank to them, then reduced to $5,500.00. Later, the property was partitioned between Mc-Comas and Nurnberger; McComas receiving three of the improved, and three of the unimproved, lots, and Nurnberger the rest. April 6, 1922, the bank made a loan to Jarrett of $1,600.00, secured by the McComas note, which was later increased to $3,200.00. In August, 1923, the bank demanded payment of the balance of the loan from McComas and Nurnberger. McComas, being unable to pay his share of the debt, consented to sales of the lots, he had received in the partition between himself and Nurnberger, to Nurnberger and C. H. Zerkle, cashier of the bank and son of Dr. C. A. Zerkle. In effectuating the sales, releases of the two trust deeds were executed by the bank and Jarrett, respectivly. By deed of August 13, 1923, McComas and wife conveyed to Nurnberger the three improved lots and two of the unimproved lots for $5,500.00 cash. By deed also dated August 13, 1923, Mc-Comas and wife conveyed to C. H. Zerkle, son of Dr. C. A. Zerkle, the remaining unimproved lot for $500.00 cash. From the proceds of these sales the bank applied $2,950.00 in discharge of McComas' share of the joint obligation of himself and Nurnberger to it, and credited the residue of

$3,050.00 to Jarrett's individual indebtedness, of $3,200.00, leaving a balance of $150.00 owing the bank by Jarrett, which was immediately absorbed by an additional loan of $1,000.00 (later increased to $1,600.00) by it to him. In 1924, a judgment by default was obtained in the name of Jarrett against McComas for $2,527.50 (as balance of the $5,000.00 note), in an action instituted in March of that year; but the enforcement thereof was promptly enjoined by an interlocutory order, in a chancery cause instituted by McComas against Jarrett, because of an alleged equitable claim asserted by McComas against Jarrett which could not be set up in the law action. The judgment having been docketed, was released by Jarrett June 28, 1928, (in consideration of $80.00 cash), as to certain real estate at that time sold by McComas to T. H. Mohler.

As already indicated, the bill alleges, as the sole ground for relief, that the bank has not accounted to Jarrett for the McComas note. In the evidence, plaintiff relies upon (1) alleged agreement of Dr. Zerkle, as president of the bank, to guarantee full payment of the note, and (2) alleged inadequacy of the prices paid by Nurnberger and C. H. Zerkle for the McComas property. Dr. Zerkle died in 1928. He could not, as president of the bank, guarantee payment of collateral notes. There was evidence from both sides fixing the valuation of the McComas property at the time of the sales and conveyances to Nurnberger and C. H. Zerkle.

But whatever claim, if any, Jarrett may have had against the bank, certainly cannot be asserted at this late date. The fact that he executed his note to the bank for an additional loan after releasing his lien on the McComas property, without satisfactory explanation, is conclusive of his acquiescence in the sales. Moreover, it does not appear that Jarrett asserted any claim against the bank prior to the institution of this suit, and several years after the death of Dr. Zerkle with whom, as representative of the bank, he claims to have had the alleged oral agreement.

The continued litigation between Jarrett and McComas over the residue of the $5,000.00 note after the application of the purchase price of the property conveyed to Nurnberger

and C. H. Zerkle (the subject matter of this suit), for which judgment was taken in the name of Jarrett against McComas. is wholly inconsistent with the present claim of Jarrett against the bank. "Laches in legal significance is delay in the assertion of a claim which works disadvantage to another, and where it appears that by reason of such delay the adverse party would be injuriously affected because of the death of witnesses by whom the truth of the situation could be proven, * * * a court of equity will decline to give relief." *Carter* v. *Price*, 85 W. Va. 744, 102 S. E. 685.

The decree of the circuit court is reversed and the bill dismissed.

*Reversed and dismissed.*